UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMAIN BROWN, | : |
| Plaintiff, | : |
| | : REPORT AND |
| | : RECOMMENDATION |
| - against - | : |
| | : 08 Civ. 10443 (RMB) (RLE) |
| CORRECTION OFFICER K. WRIGHT, et al., | : |
| Defendants. | : |

**To the HONORABLE RICHARD M. BERMAN, U.S.D.J.:**

Pro se plaintiff Domain Brown filed his Complaint on December 3, 2008, and has failed to serve Defendants. On March 26, 2009, Assistant Corporation Counsel Shlomit Aroubas notified the Court that her office received a courtesy copy of a summons and complaint in this case, but that the Corporation Counsel's office would take no action until there is a proper party defendant. Aroubas also indicated to the Court that correspondence sent from her office to Brown was returned, undelivered. The Court referenced the New York State Department of Correctional Services Inmate Locator tool, using Brown's Department Identification Number ("DIN"), 07-A-6754, and learned that Brown had apparently been released from incarceration. The Division of Parole has indicated to the Court that Brown has been released to Federal immigration custody, and provided the Court with a last known mailing address for Brown.

On April 8, 2009, the Court ordered Brown to either serve Defendants or show good cause by May 6, 2009, why this case should not be dismissed for failure to prosecute. To date, Barnes has neither served Defendants, nor made any showing that his case should not be dismissed. The Court therefore recommends that this case be **DISMISSED** for failure to

prosecute.

A district court may sua sponte dismiss a case for Plaintiff's failure to prosecute. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *see also* FED. R. CIV. P. 41(b). Failure to prosecute "'can evidence itself . . . in an action lying dormant with no significant activity to move it . . . .'" *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: May 12, 2009**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

2

Copies of this Report and Recommendation were sent to:

| Plaintiff, pro se | The City of New York Law Department |
|---|---|
| Domain Brown | Shlomit Aroubas |
| 4250 Federal Drive | Assistant Corporation Counsel |
| Batavia, NY | The City of New York Law Department |
| 14020 | 100 Church Street |
| | New York, NY 10007 |