USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 22 June 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DOMAIN BROWN,

         Plaintiff,      08 Civ. 10443 (RMB) (RLE)

  - against -

                 **<u>DECISION & ORDER</u>**

CORRECTION OFFICERS K. WRIGHT
and ISNERDI,

         Defendants.
-------------------------------------------------------------x

## I. Background

On December 3, 2008, Domain Brown ("Plaintiff"), proceeding <u>pro se</u>, filed a complaint ("Complaint") pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983, against Correction Officers K. Wright and Isnerdi, (collectively, "Defendants") alleging, among other things, that he was physically assaulted by Defendants on or about October 24, 2007 in the North Infirmary Command at Rikers Island Correctional Facility. (Compl., dated June 3, 2008, at 2, 3.) Plaintiff seeks "$250,000 for pain and suffering and damage to [his] body and for future medical expenses." (<u>Id.</u> at 5.)

On or about April 8, 2009, United States Magistrate Judge Ronald L. Ellis, to whom the matter had been referred, issued an order directing Plaintiff "to either serve Defendants [with his Complaint] or show good cause by May 6, 2009, why this case should not be dismissed for failure to prosecute." (Order, dated April 8, 2009 (Ellis, M.J.) ("Apr. 8, 2009 Order"), at 2.) And, on or about May 12, 2009, Judge Ellis issued a thoughtful report and recommendation ("Report"), recommending that the Complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because Plaintiff "has neither served Defendants, nor made any showing that his case should not be dismissed." (Report at 1.)

On or about June 17, 2009, Defendants' requested that this Court adopt the Report because "[P]laintiff has not served [D]efendants . . . , has not attempted to make any showing why this case should not be dismissed, has not sought any extension of time to comply with the Court's [April 8, 2009] Order." (See Ltr. from Shlomit Aroubas to Hon. Richard M. Berman, dated June 17, 2009 ("June 17, 2009 Ltr."), at 2.)

Although, pursuant to Fed. R. Civ. P. 72(b)(2), "the parties shall have ten (10) days after being served with a copy of the [Report] to file written objections," (Report at 2), to date, Plaintiff has not submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the above-captioned matter is dismissed.**

## II. Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

## III. Analysis

A review of the Report shows that Judge Ellis's recommendations are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(b).

Rule 41(b) expressly authorizes involuntary dismissal where, as here, a plaintiff "fails to prosecute or to comply with [the Fed. R. Civ. P.] or a court order." (Report at 2 (citing Nolan v. Primagency, Inc., 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *6 (S.D.N.Y. Apr. 15, 2008).) Plaintiff has not timely served Defendants and appears to have taken no action in this case since filing the Complaint on December 3, 2008. See Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 109 (2d. Cir. 1992).

### IV. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report [#7] in its entirety and dismisses the Complaint. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 22, 2009

_____
**RICHARD M. BERMAN, U.S.D.J.**

3